IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMY DEBELL GRIFFIN, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | No. 3:17-cv-1524-L (BT) |
| § | | |
| LORIE DAVIS, *Director*, TDCJ-CID § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Tommy Griffin, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be dismissed as barred by the statute of limitations.

I.

Petitioner challenges his two convictions for compelling prostitution of a child, enhanced. *State of Texas v. Tommy Debell Griffin*, Nos. F-1372345-Q, F-1372346-Q (204th Dist. Ct., Dallas County, Tex., Mar. 2, 2015). He was sentenced to fifteen years in prison in both cases, to run concurrently. He did not file an appeal.

On January 9, 2017, Petitioner filed a state habeas petition. *Ex parte Griffin*, No. 86,497-01. On April 5, 2017, the Texas Court of Criminal Appeals

1

denied the petition without written order on the findings of the trial court without a hearing.

On June 2, 2017,[1] Petitioner filed the instant § 2254, in which he argues:

1. His guilty plea was involuntary because the court did not properly admonish him that past convictions could be used for enhancement;

2. His sentences were unlawfully enhanced because no information was filed;

3. His rights were violated when he was denied allocution;

4. Trial counsel rendered ineffective assistance by failing to investigate the enhancement paragraphs; and

5. Trial counsel's cumulative errors violated his right to due process.

II.

**A.   Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996).

---

[1] A § 2254 petition is considered filed on the date it is placed in the prison mail system. *See* Rule 3(d) of the Rules Governing Habeas Corpus Actions Under § 2254.

2

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[2]

Petitioner pleaded guilty on March 2, 2015. He did not file an appeal. His conviction therefore became final thirty days later, on April 1, 2015. *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until April 1, 2016, to file his federal petition.

---

[2]  The statute provides that the limitations period shall run from the latest of--

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner filed a state habeas petition on January 9, 2017. This petition was filed after the AEDPA limitations period expired. It therefore did not toll the limitations period.

Petitioner's deadline for filing his § 2254 petition was April 1, 2016. He did not file his petition until June 2, 2017. His petition is therefore untimely.

**B.    Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because he is *pro se,* and he needed time to research the law. These claims, however, do not entitled him to equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000)

4

(finding ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, and lack of legal training does not support equitable tolling of the AEDPA statute of limitations). Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

III.

The petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed December 26, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGSTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).